Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
Wayne E Gosnell (WG2422)
CLAYMAN & ROSENBERG LLP
305 Madison Avenue - Suite 1301
New York, New York 10165
 (212) 922-1080  phone
 (212) 949-8255  facsimile
ATTORNEYS FOR DEFENDANTS
ARKENSBERG, LLC, ROMANIROV, LLC,
ELMWOOD VENTURES, LLC AND BB NY OPERATIONS 357TH ST. LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MPROSIEMO LIMITED,

               Plaintiff,

  -against-

ARKADIY VAYGENSBERG,
LEONID TATATCHUK,
STEFAN STEFANOV,
ARKENSBERG, LLC,
NIS, INC.,
ROMANIROV, LLC
ELMWOOD VENTURES, LLC
NICHOLAS BARTHELEMY,
GEORGE V. EATERTAINMENT, S.A.
JOHN DOES 1 through 10,

               Defendants,
and

BB NY OPERATIONS 357th St. LLC,

               Nominal Defendant.

**CASE NO. 17-CV-3745(KBF)**

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS ARKADIY VAYGENSBERG, LEONID TATARCHUK,
STEFAN STEFANOV, AND NICHOLAS BARTHELEMY'S
MOTION TO DIMISS THE COMPLAINT**

Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
Wayne E Gosnell (WG2422)
CLAYMAN & ROSENBERG LLP
305 Madison Avenue - Suite 1301
New York, New York 10165
(212) 922-1080  phone
(212) 949-8255  facsimile
ATTORNEYS FOR DEFENDANTS
ARKADIY VAYGENSBERG, LEONID TATARCHUK, STEFAN STEFANOV, ARKENSBERG, LLC,  ROMANIROV, LLC, ELMWOOD VENTURES, LLC, NICHOLAS BARTHELEMY,  AND BB NY OPERATIONS 357TH ST., LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MPROSIEMO LIMITED,

    Plaintiff,

 -against-

ARKADIY VAYGENSBERG,
LEONID TATARCHUK,
STEFAN STEFANOV,
ARKENSBERG, LLC,
NIS, INC.,
ROMANIROV, LLC
ELMWOOD VENTURES, LLC
NICHOLAS BARTHELEMY,
GEORGE V. EATERTAINMENT, S.A.
JOHN DOES 1 through 10,

    Defendants,
and

BB NY OPERATIONS 357th St. LLC,

    Nominal Defendant.

**CASE NO. 17-CV-3745(KBF)**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ARKADIY VAYGENSBERG, LEONID TATARCHUK,
STEFAN STEFANOV, AND NICHOLAS BARTHELEMY'S
MOTION TO DISMISS THE COMPLAINT**

Defendants Arkadiy Vaygensberg, Leonid Tatarchuk, Stefan Stefanov, and Nicholas Barthelemy (together, the "Moving Defendants") move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Complaint for lack of subject matter jurisdiction.[1]  Stefanov also moves pursuant to Rule 12(b)(2) and (5) to dismiss the Complaint for lack of personal jurisdiction and for insufficient service of process.

## FACTUAL ALLEGATIONS

As alleged in the Complaint, Plaintiff is a Cypriot company with its registered office located in Cyprus; it is also a member of Defendant BB NY Operations 357th St., LLC.  (Exh. A: Complaint ¶ 8, 81).  Defendant George V. Eatertainment S.A. is foreign corporation with its principal place of business in Paris, France.[2] (*Id.* ¶ 19.)  Defendant Stefan Stefanov is "a resident" of the United Kingdom residing in London, England.  (*Id.* ¶ 11.)

Plaintiff claims to have served Defendant Stefanov by sending a copy of the Summons and Complaint to an address in London via Federal Express.  (Exh. C: Affidavit of Service of Summons and Complaint on Defendant Stefanov.)  Stefanov denies that he has been properly served with process.

---

[1] The arguments advanced by the Moving Defendants on this point are the same as those argued by Defendants Arkensberg, LLC, Romanirov, LLC, Elmwood Ventures, LLC., and BB NY Operations 357th St., LLC in their motion to dismiss the Complaint.  (*See* Motion to Dismiss, ECF No. 41.)

[2] The Complaint does not identify the domicile of any of the other defendants other than NIS, Inc.  The correct name of this defendant is NIS Management, Inc., and it is unrelated, to the best of our knowledge to NIS, Inc., the company that was served by Plaintiff.

**LEGAL ARGUMENT**

I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT

In its Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this matter. (Exh A. ¶ 6.) A "party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (citation and internal quotations omitted). "The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. Thus, the facts showing the existence of jurisdiction must be affirmatively alleged in the complaint." *Intl. Shipping Co., S.A. v. Hydra Offshore, Inc.*, 675 F. Supp. 146, 151, n. 5 (S.D.N.Y. 1987), *quoting* 13 C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 3522 (2d ed. 1984).

Although 28 U.S.C. § 1332(a)(2) permits diversity jurisdiction in cases between "citizens of a State and citizens or subjects of a foreign state," the Second Circuit has held that diversity is absent where there are foreign parties on both sides of the case. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (diversity jurisdiction lacking "'where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens'") (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("The presence of aliens on two sides of a case destroys diversity jurisdiction.") *cert. denied*, 449 U.S. 1080 (1981); *Creaciones Con Idea, S.A. de*

3

*C.V. v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) (per curiam) (same); *Mentor Ins. Co. v. Brannkasse*, 996 F.2d 506, 512 (2d Cir. 1993) (same). This rule is so well established that the Second Circuit has held that filing a federal diversity case where both plaintiff and a defendant are aliens warrants the imposition of Rule 11 sanctions against the filing attorney for failure to conduct a proper pre-trial inquiry into the court's subject matter jurisdiction. *Intl. Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388 (2d Cir 1989).

The Complaint alleges that Plaintiff Mprosiemo Limited "is a Cyprus company with a registered office at Spyrou Kyprianou 51, SK House, 4003, Limasol, Cyprus." (Exh. A ¶ 8.) In the civil cover sheet filed by Plaintiff with this action, Plaintiff identifies itself as "a citizen or subject of a foreign country" – presumably Cyprus. (Exh. B : Civil Cover Sheet (ECF No. 2) at p. 2.)

The Complaint alleges that Defendant George V. Eatertainment S.A. ("GVE") "is a foreign corporation or other business entity with a principal place of business at 21 place de la Madeline, Paris, France 75008." (Exh. A ¶ 19.) Based upon this description, GVE is a French corporation, headquartered in France.[3]  For purposes of diversity, a corporation is a citizen of the place where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Thus, GVE is a citizen of France for diversity purposes.

---

[3]  S.A, an abbreviation for *société anonyme,* is used to denote a corporation in French speaking countries. *See e.g. Princeton Digital Image Corp. v Ubisoft Entm't SA,* 2016 US Dist. LEXIS 153207, at *2 (D. Del Nov. 4, 2016).

The Complaint also alleges that Defendant Stefan Stefanov "is an adult individual and is a resident of the United Kingdom and may be served at Flat 9, Chesham Place, SW1X 8HN." (Exh. A ¶ 11.) Based upon this allegation, Plaintiff presumably contends that Stefanov is a citizen of the United Kingdom for diversity purposes. [4]

In addition, the Complaint names four limited liability companies as defendants. For diversity purposes, an LLC takes the citizenship of all its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). The Complaint does not identify the full citizenship of any of the LLCs. It does, however, allege that Plaintiff is a member of Defendant BB NY LLC. (Exh A. ¶ 81). Thus, BB NY LLC is, *inter alia,* a citizen of Cyprus for diversity purposes.[5]

The party asserting the existence of diversity jurisdiction "must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof if a party opposing jurisdiction properly challenges those allegations." *Universal*

---

[4] Stefanov is in fact a dual citizen of the United States and Bulgaria domiciled in England. Under the law relating to diversity jurisdiction, Stefanov's "American citizenship will determine diversity" and his Bulgarian citizenship must be ignored. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991). And, because he is an American citizen domiciled abroad, he is "stateless" for purposes of diversity. See *Newman-Green, Inc. v. Alfonozo-Larrain*, 490 U.S. 826, 828–829 (1989). "The language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity." *Cresswell v. Sullivan Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)

[5] The Complaint identifies BB NY Operations 357th St. LLC as a "nominal defendant." That characterization is clearly incorrect as the Complaint seeks to dissolve the LLC, seeks an accounting from the LLC, and asserts claims that belong to the LLC and are thus derivative in nature. A "limited liability company is not a nominal party" in a derivative suit. See *Cook v. Toidze*, 950 F. Supp. 2d 386, 390 (D. Conn. 2013) (citing *Lenz v. Assoc. Inns. and Restaurants Co.*, 833 F. Supp. 362, 378 (S.D.N.Y. 1993).

*Licensing Corp. v Paola del Lungo S.p.A.*, 293 F3d 579, 581 (2d Cir 2002) (internal quotes and citation omitted).  Here, Plaintiff has not alleged facts that, if true, would establish a proper basis for the existence of diversity jurisdiction.  To the contrary, by asserting facts showing that Plaintiff and at least one or more of the Defendants are citizens of foreign countries, Plaintiff has alleged facts showing *the absence* of diversity jurisdiction.  Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.[6]

II.     THE PLAINTIFF HAS NOT PROPERLY SERVED STEFAN STEFANOV WITH PROCESS

Plaintiff claims to have served Stefanov with the Summons and Complaint "via FedEx" sent by Jennifer Handforth.  (Exh. C.)  According to the affidavit of service, Federal Express delivered the summons and complaint to someone name J. King at an apartment in London, England.  Even if delivery of the summons and complaint on J. King at this apartment constituted delivery to Mr. Stefanov, it would not constitute valid service under the Federal Rules of Civil Procedure.

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). Stefanov disputes that delivery of the summons and complaint to J. King by a private courier service constitutes service upon him in conformity with the Rule 4(f) of the

---

[6] Although it is not alleged in the Complaint, Elmwood Ventures LLC's sole member is in fact a U.S. citizen domiciled abroad. It therefore stateless for diversity purposes and cannot be a party in suit premised on diversity jurisdiction.

Federal Rules of Civil Procedure. *See generally Dev. Specialists, Inc. v. Li* , 2017 U.S. Dist. LEXIS 71435, at *17–*25  (S.D.N.Y. May 10, 2017) (service by mail to defendant in Hong Kong not valid);  *Ballard v. Tyco Int'l, Ltd.*, 2005 U.S. Dist. LEXIS 16054, at *20–*21 (D.N.H. Aug. 4, 2005) (holding that service by mail in England that did not comply with Rule 4(f)).

Plaintiff has not and will not be able to carry its burden of showing that it effectuated valid service of process on Mr. Stefanov by having the papers delivered via Federal Express to J. King in London, England.  Absent proper service, the Complaint should be dismissed against Stefanov pursuant to Fed. R. Civ. Proc 12(b)(2) and (5).

## CONCLUSION

For the reasons set forth herein and in the declaration and exhibits submitted herewith, Defendants Arkadiy Vaygensberg, Leonid Tatarchuk, Stefan Stefanov, and Nicholas Barthelemy respectfully request that the Court dismiss the Complaint.

Dated: New York, New York
June 23, 2017

>CLAYMAN & ROSENBERG LLP
ATTORNEYS FOR DEFENDANTS
ARKADIY VAYGENSBERG,
LEONID TATARCHUK,
STEFAN STEFANOV,
ARKENSBERG, LLC
ROMANIROV, LLC
ELMWOOD VENTURES, LLC,
NICHOLAS BARTHELEMY, AND
BB NY OPERATIONS 357TH ST., LLC.

By: _____/s/ Paul Hugel/_____
Seth L. Rosenberg (SR4563)
Paul S. Hugel (PH4749)
Wayne E. Gosnell (WG2422)
305 Madison Avenue - Suite 1301
New York, New York 10165
(212) 922-1080  phone
(212) 949-8255  facsimile